UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

SHATAVIA BREWINGTON,

  Plaintiff,

v.

BLUESTEM BRANDS, INC. d/b/a
FINGERHUT,

  Defendant.
  _____/

CASE NO.:

## COMPLAINT

COMES NOW, Plaintiff, Shatavia Brewington, by and through the undersigned counsel, and sues Defendant, Bluestem Brands, Inc. d/b/a Fingerhut (hereinafter "Bluestem"), and in support thereof respectfully alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

## INTRODUCTION

1. The TCPA was enacted to prevent companies like Bluestem from invading American citizen's privacy and to prevent abusive "robo-calls."

2. "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

3. "Senator Hollings, the TCPA's sponsor, described these calls as 'the **\*1256** scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to

rip the telephone out of the wall." 137 Cong. Rec. 30, 821 (1991).  Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

4. According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC.  There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." *Fact Sheet: Wheeler Proposal to Protect and Empower Consumers Against Unwanted Robocalls, Texts to Wireless Phones*, Federal Communications Commission, (May 27, 2015), https://apps.fcc.gov/edocs_public/attachmatch/DOC-333676A1.pdf.

## JURISDICTION AND VENUE

5. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA.

6. Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii). See *Mims v. Arrow Fin. Servs., LLC*, S.Ct. 740, 748 (2012) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014).

7.	The alleged violations described herein occurred in Clarke County, Georgia. Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(2), as it is the judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

## FACTUAL ALLEGATIONS

8.	Plaintiff is a natural person, and citizen of the State of Georgia, residing in Clarke County, Georgia.

9.	Plaintiff is the "called party."  See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

10.	Defendant, Bluestem, is a corporation which was formed in Delware with its principal place of business located at 7075 Flying Cloud Drive, Eden Prarie, MN 55344-3347 and which conducts business through its registered agent, CT Corporation System, located at 100 South 5th St., Suite 1075, Minneapolis, MN 55402.

11.	Bluestem called Plaintiff approximately three hundred (300) times in an attempt to reach an individual known only as "Bobby Harrington."

12.	Upon information and belief, some or all of the calls Bluestem made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "autodialer calls"). Plaintiff will testify that she knew it was an

autodialer because of the vast number of calls she received and because she heard a pause when she answered her phone before a voice came on the line and/or she received prerecorded messages from Bluestem.

13. Plaintiff is the subscriber, regular user and carrier of the cellular telephone number (305) ***-4775, and was the called party and recipient of Defendant's calls.

14. Bluestem placed an exorbitant amount of automated calls to Plaintiff's cellular telephone (305) ***-4775 in an attempt to reach an individual known only as Bobby Harrington.

15. Bluestem placed said exorbitant calls from, but not limited to, the following telephone numbers 844-669-7904; 844-349-8918 and 844-349-6203.

16. Plaintiff does not currently know, nor has ever known, an individual by the name of Bobby Harrington.

17. Plaintiff does not currently have any account or business dealings with Bluestem.

18. Plaintiff, on at least two occasions, on or about January 2017, answered an automated call from Bluestem and informed said agent that she is not, nor does not know a Bobby Harrington, and to stop calling her.

19. On several other occasions over the last four (4) years, Plaintiff instructed Bluestem's agent(s) to stop calling her cellular telephone, including, but not limited to, the following dates:

    i)    May 25, 2017 at 8:20 PM

    ii)    July 12, 2017 at 8:27 PM

      iii)      July 27, 2017 at 8:25 PM

      iv)      August 1, 2017 at 8:51 PM

      v)      August 9, 2017 at 7:46 PM

20. During at least one conversation between Plaintiff and Bluestem, Defendant asked Plaintiff if she would make a payment on the account, to which Plaintiff responded, she is not, nor does not know, a Bobby Harrington, nor does she have an account with Bluestem.

21. During at least one conversation between Plaintiff and Bluestem, upon being informed again that Plaintiff was not, nor did not know a Bobby Harrington, Bluestem's agent responded that they would update their system and not call Plaintiff again, however the calls continued unabated.

22. Bluestem has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to individuals just as they did to Plaintiff's cellular telephone in this case.

23. Bluestem has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, just as they did to the Plaintiff's cellular telephone in this case, with no way for the consumer, or Bluestem, to remove the number.

24. Bluestem's corporate policy is structured so as to continue to call individuals like Plaintiff, despite these individuals explaining to Bluestem they do not wish to be called.

25. Bluestem has numerous other federal lawsuits pending against them alleging similar violations as stated in this Complaint.

26. Bluestem has numerous complaints against it across the country asserting that its automatic telephone dialing system continues to call despite being requested to stop.

27. Bluestem has had numerous complaints against it from consumers across the country asking to not be called, however Defendant continues to call these individuals.

28. Bluestem's corporate policy provided no means for Plaintiff to have Plaintiff's number removed from Bluestem's call list.

29. Bluestem has a corporate policy to harass and abuse individuals despite actual knowledge the called parties do not wish to be called.

30. Not one of Bluestem's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

31. Bluestem willfully and/or knowingly violated the TCPA with respect to Plaintiff.

32. From each and every call placed without express consent by Bluestem to Plaintiff's cell phone, Plaintiff suffered the injury of invasion of privacy and the intrusion upon her right of seclusion.

33. From each and every call without express consent placed by Bluestem to Plaintiff's cell phone, Plaintiff suffered the injury of the occupation of her cellular telephone line and cellular phone by unwelcome calls, making the phone unavailable for legitimate callers or outgoing calls while the phone was ringing from Bluestem call.

34. From each and every call placed without express consent by Bluestem to Plaintiff's cell phone, Plaintiff suffered the injury of unnecessary expenditure of her time. For calls she answered, the time she spent on the call was unnecessary as she repeatedly asked for the calls to stop. Even for unanswered calls, Plaintiff had to waste time to unlock the phone and deal with missed call notifications and call logs that reflect the unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular phone, which are designed to inform the user of important missed communications.

35. Each and every call placed without express consent by Bluestem to Plaintiff's cell phone was an injury in the form of a nuisance and annoyance to the Plaintiff. For calls that were answered, Plaintiff had to go to the unnecessary trouble of answering them. Even for unanswered calls, Plaintiff had to waste time to unlock the phone and deal with missed call notifications and call logs that reflected the unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular phone, which are designed to inform the user of important missed communications.

36. Each and every call placed without express consent by Bluestem to Plaintiff's cell phone resulted in the injury of unnecessary expenditure of Plaintiff's cell phone's battery power.

37. Each and every call placed without express consent by Bluestem to Plaintiff's cell phone where a voice message was left which occupied space in Plaintiff's phone or network.

38. Each and every call placed without express consent by Bluestem to Plaintiff's cell phone resulted in the injury of a trespass to Plaintiff's chattel, namely her cellular phone and her cellular phone services.

39. As a result of the calls described above, Plaintiff suffered an invasion of privacy. Plaintiff was also affect in a personal and individualized way by stress, anxiety, nervousness, embarrassment, distress and aggravation. The constant automated calls also caused Plaintiff trouble at work as her employer would inquire why her phone was ringing so much while at work. Additionally Plaintiff had to begin taking blood pressure medication due to the stress of the calls.

## COUNT I
**(Violation of the TCPA)**

40. Plaintiff fully incorporates and realleges paragraphs one (1) through thirty-nine (39) as if fully set forth herein.

41. Bluestem willfully violated the TCPA with respect to Plaintiff, specifically for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified Bluestem that Plaintiff wished for the calls to stop

42. Bluestem repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Bluestem for statutory damages, punitive damages, actual

damages, treble damages, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

                                                      Respectfully submitted,

*/s/ Octavio Gomez*
Octavio "Tav" Gomez, Esquire
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele: (813) 223-5505
Fax: (813) 223-5402
TGomez@ForThePeople.com
Georgia Bar #: 617963
Attorney for Plaintiff